**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal, | ) CV 12-08104-PCT-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Bank of America, N.A., | ) |
| Defendant. | ) |

The court has before it defendant's motion to dismiss (doc. 5), plaintiff's response (doc. 6), and defendant's reply (doc. 10). We also have before us plaintiff's motion to strike defendant's motion to dismiss (doc. 7) and plaintiff's motion for default judgment (doc. 8), defendant's combined response to both motions (doc. 11), and plaintiff's combined reply (doc. 12).

**I**

On August 10, 2007, non-party Rex Sagely signed a Deed of Trust, where he promised to pay $164,000 he borrowed from Countrywide Home Loans, Inc. ("Countrywide") to purchase property in Kingman, Arizona. Mot. to Dismiss, ex. A. The Deed of Trust lists Countrywide as Lender, Fidelity National Title Insurance Co. as trustee, and states that "MERS. . . is acting solely as a nominee for Lender and Lender's successors and assigns" and "is the beneficiary under this Security Instrument." Mot. to Dismiss, ex. A at 2. MERS recorded an assignment of the Deed of Trust to BAC Home Loans Servicing,

1  L.P. ("BAC") on August 11, 2010.[1] Mot. to Dismiss, ex. B. That same day, BAC recorded
2  a substitution of trustee, naming Recontrust Company, N.A. ("Recontrust") as new trustee.
3  Mot. to Dismiss, ex. C. The Deed of Trust was re-recorded on January 7, 2011 to correct the
4  legal description of the Kingman property. Mot. to Dismiss, ex. F. MERS recorded a new
5  assignment of the Deed of Trust to BAC on March 25, 2011 that referenced the re-recorded
6  Deed of Trust. Mot. to Dismiss, ex. G. Also on March 25, 2011, BAC recorded a new
7  substitution of trustee naming Recontrust as trustee and referencing the re-recorded Deed of
8  Trust. Mot. to Dismiss, ex. H. Recontrust recorded a Notice of Trustee's Sale that same day.
9  Mot. to Dismiss, ex. I. On April 13, 2011, Rex Sagely recorded a quitclaim deed that
10 conveyed the Kingman property to plaintiff. Mot. to Dismiss, ex. J. Most recently,
11 Recontrust recorded a new Notice of Trustee's Sale on March 13, 2012. Mot. to Dismiss, ex.
12 O.[2]

13     Plaintiff originally filed this action in the Superior Court of Arizona in Mohave
14 County on May 1, 2012 (doc. 1, ex. A). The complaint contains one unnamed count
15 spanning dozens of paragraphs. Plaintiff pleads for relief in the form of quiet title, as well
16 as a declaration that the Deed of Trust, the August 2010 assignment of the Deed of Trust, and
17 the March 2011 substitution of trustee are all invalid. On June 4, 2012, plaintiff applied for
18 entry of default. The Clerk of the Superior Court of Arizona in Mohave County entered
19 default against defendant that same day. Also on June 4, 2012, defendant removed to this
20 court. Defendant filed the motion to dismiss on June 11, 2012.

**II**

22     Plaintiff moves to strike the motion to dismiss pursuant to Rule 12(f), Fed. R. Civ. P.,
23 arguing that it is untimely. Rule 12(f) provides that the court may strike certain material

---

[1] BAC merged into Bank of America, N.A. in 2011.

[2] We may consider these documents on a motion to dismiss because they are matters of public record. Moreover, many of them are directly referenced in the complaint. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

- 2 -

1 from a pleading. A motion, however, is not a pleading. See id. 7(a) (listing types of
2 pleadings). Thus, plaintiff's request to strike defendant's motion is inappropriate. In any
3 case, defendant's motion is timely. Because this action was removed, defendant had seven
4 days after the notice of removal was filed to file a motion to dismiss. See id. 81(c)(2)(C).
5 This action was removed on June 4, 2012 and the motion to dismiss filed on June 11, 2012.
6 On reply, plaintiff argues for the first time that defendant lacks standing to file a motion to
7 dismiss. We do not consider new arguments raised for the first time in a reply brief. See
8 Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time
9 in a reply brief are waived"). Even if we were required to consider plaintiff's new argument,
10 it is frivolous. Rule 12(b), Fed. R. Civ. P. expressly permits a defendant to assert a number
11 of defenses by motion, including failure to state a claim. Because plaintiff chose to sue
12 defendant, defendant has the option of filing a motion to dismiss.

13 Plaintiff also moves for default judgment, pointing to the entry of default entered by
14 the Superior Court Clerk. In Arizona, a Clerk-entered default only becomes effective "ten
15 (10) days after the filing of the application for entry of default." Ariz. R. Civ. P. 55(a)(2).
16 Plaintiff applied for entry of default on June 4, 2012. However, defendant removed to this
17 court the same day. Thus, at the time of removal, the default was not yet effective. No
18 default has been entered by the Clerk in this court, and defendant has filed a motion to
19 dismiss. Accordingly, plaintiff's motion for default judgment is denied.

**III**

21 Quiet title is not an available remedy to a homeowner unless he has paid off the loan
22 or shown that he is ready and able to do so. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910,
23 911 (1941). Defendant argues that plaintiff has failed to state a plausible quiet title claim
24 because he has not alleged that he is able to or has paid off the loan. Plaintiff argues that he
25 has alleged that Sagely "tendered all amounts due under a new novation agreement which has
26 been accepted by the Defendant." Compl. ¶ 20. Accordingly, plaintiff argues that because
27 we must accept this allegation as true, he has stated a plausible claim.

28 We must accept factual allegations as true when considering a motion to dismiss, but

- 3 -

1  we need not accept the truth of legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129
2  S. Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations
3  contained in a complaint is inapplicable to legal conclusions"); Bell Atl. Corp. v. Twombly,
4  550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (courts need not "accept as true a legal
5  conclusion couched as a factual allegation") (citation omitted).  Although plaintiff alleges
6  that Sagely tendered the amounts due on the loan under a novation agreement, whether an
7  agreement amounts to a valid novation is a legal inquiry.  See W. Coach Corp. v. Roscoe,
8  133 Ariz. 147, 152, 650 P.2d 449, 454 (1982) ("to constitute a valid novation, there must be
9  an extinguishment of a previously valid obligation and an agreement of all parties to a new,
10 valid contract"). Plaintiff has not alleged any facts regarding the alleged novation agreement.
11 Without any factual allegations, plaintiff's conclusory allegation that Sagely tendered the
12 amount due under a novation agreement is insufficient to satisfy Iqbal.  Plaintiff has failed
13 to state a plausible quiet title claim.

14      We turn to plaintiff's request for declaratory relief.  Plaintiff seeks a declaratory
15 judgment that the original Deed of Trust, MERS's assignment of the Deed of Trust to BAC
16 in 2010, and BAC's 2011 substitution of Recontrust as trustee are invalid.  Plaintiff alleges
17 that these documents are invalid for a number of reasons.  Plaintiff argues that the
18 securitization of Sagely's loan bifurcated the note from the deed of trust, rendering it invalid.
19 This argument has been repeatedly rejected in this district.  See, e.g., In re Mortg. Elec.
20 Registration Sys. (MERS) Litig., MDL No. 09-2119-PHX-JAT, 2012 WL 1912133, at *2-*3
21 (D. Ariz. May 25, 2012) (rejecting argument that note was split from deed of trust due to
22 securitization); Skinner v. Deutsche Bank Nat'l Trust Co., 11-CV-710-PHX-GMS, 2011 WL
23 6153631, at *4 (D. Ariz. Dec. 12, 2011) (same).

24      Next, plaintiff raises a number of allegations sounding in fraud.  He alleges that the
25 loan was used to create a mortgage backed securities investment in "a fraudulent scheme to
26 acquire property and money."  Compl. ¶ 18.  Plaintiff also claims that Sagely is not obligated
27 to pay the money owed pursuant to the Deed of Trust and note because fraud was used to
28 induce Sagely to sign. Compl. ¶ 19. And plaintiff alleges that MERS's assignment to BAC

- 4 -

"is securities fraud." Compl. ¶ 45.  In Arizona, to prevail on a fraud claim a plaintiff must show

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982). Allegations of fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Plaintiff has not alleged any facts in support of his allegations of fraud, and has therefore failed to state these allegations with sufficient particularity. Moreover, plaintiff is not the borrower under either the Deed of Trust or the note, and thus cannot assert a defense of fraud under A.R.S. § 47-3305, which enumerates defenses available to "the obligor."

Many of plaintiff's claims that the recorded documents are invalid can be traced to his theory that MERS is not the true beneficiary and lacked power to assign Sagely's Deed of Trust. This theory, however, is contradicted by the Deed of Trust itself. By signing the Deed of Trust, Sagely agreed that "MERS. . . is acting solely as a nominee for Lender and Lender's successors and assigns" and "is the beneficiary under this Security Instrument." Mot. to Dismiss, ex. A at 2. And Sagely agreed that "MERS (as nominee for Lender and Lender's successors and assigns) has the right" to "exercise any or all of [Lender's] interests, including. . . the right to foreclose and sell the Property; and to take any action required of Lender." Mot. to Dismiss, ex. A at 3. When signing the Deed of Trust, Sagely expressly agreed to MERS's role as beneficiary. Accordingly, plaintiff's assertion that MERS lacked authority to assign the Deed of Trust lacks merit. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir. 2011) (claim that MERS is a sham beneficiary "is undercut by the terms in" the Deed of Trust; "[b]y signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents"); Warren v. Sierra Pac. Mortg. Servs. Inc., CV-10-02095-PHX-NVW, 2011 WL 1526957, at *5 (D. Ariz. Apr. 22, 2011) (argument that MERS lacked authority to assign deed of trust has "repeatedly been rejected by district courts in the District of Arizona").

1  Plaintiff also alleges that both the 2010 assignment of the Deed of Trust and the 2011
2 substitution of trustee are forgeries, were robosigned, and are therefore invalid pursuant to
3 A.R.S. § 33-420.  Plaintiff, who is not a party to either the assignment or the substitution of
4 trustee (and is not even a party to the Deed of Trust referenced in these recordings) does not
5 have standing to challenge the validity of these documents.  See In re Mortg. Elec.
6 Registration Sys. (MERS) Litig., MDL Docket No. 09-2119-JAT, 2011 WL 4550189, at *5
7 (D. Ariz. Oct. 3, 2011) (plaintiffs lack standing on robosigning allegations, because "as
8 third-party borrowers, [they] are uninvolved and unaffected by the alleged [a]ssignments, and
9 do not possess standing to assert a claim based on such").  Moreover, while A.R.S. § 33-420
10 applies to "some sort of document purporting to create an interest, lien, or encumbrance, such
11 as a lis pendens, mechanics lien, or the deed of trust itself," there is "no authority applying
12 this statute to assignments of mortgages and notices of trustee's sales."  Schayes v. Orion Fin.
13 Grp., Inc., CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011).

14  Plaintiff further alleges that the recorded documents violate A.R.S. § 33-404 because
15 Recontrust has never disclosed the names and addresses of the beneficiaries.  Even if any
16 recorded documents conveyed an interest in property, and even if they did not include the
17 required disclosures, the statute only provides that the conveyance lacking the required
18 disclosures "is voidable by the other party to the conveyance." A.R.S. § 33-404(E).  Plaintiff
19 has not alleged that he is a party to any of the recorded documents of which he complains,
20 and thus cannot void any documents under this statute.

21  In addition, plaintiff makes several conclusory allegations that the Deed of Trust has
22 been extinguished.  He alleges that Sagely has a security entitlement under A.R.S. § 47-
23 8501(B)(2).  That provision states that a person acquires a security entitlement if an
24 intermediary "[r]eceives a financial asset from the person or acquires a financial asset for the
25 person and, in either case, accepts it for credit to the person's securities account." Id.
26 Plaintiff does not allege any facts showing how Sagely acquired an entitlement pursuant to
27 this statute.  Plaintiff also alleges that defendant stipulated that the Deed of Trust is void and
28 passed no title from Sagely pursuant to agreements dated October 7, 2010, January 13, 2011,

- 6 -

1 and May 4, 2011. Compl. ¶¶ 53-55. Without any factual allegations concerning the
2 agreements or their terms, these allegations fail to state a plausible claim for relief.

3     In closing, plaintiff argues that defendant's motion to dismiss must be denied because
4 it is not supported by an affidavit. There is no such requirement in the Federal Rules of Civil
5 Procedure. Plaintiff also argues that we must abstain from hearing this action because there
6 is no federal question jurisdiction. Defendant, however, removed on the basis of diversity
7 jurisdiction, and plaintiff has not argued that diversity jurisdiction is lacking. Finally,
8 plaintiff argues that defendant's removal was untimely. Plaintiff served defendant on May
9 3, 2012. Defendant had thirty days to remove. 28 U.S.C. § 1446(b)(1). Thus, the deadline
10 for removal fell on June 2, 2012. Because the deadline fell on a Saturday, however,
11 defendant had until Monday, June 4, 2012 to remove. See Fed. R. Civ. P. 6(a)(1)(C).
12 Defendant's June 4th removal was timely.

### IV

14 **IT IS ORDERED DENYING** plaintiff's motion for default judgment (doc. 8). **IT
15 IS ORDERED DENYING** plaintiff's motion to strike (doc. 7). **IT IS FURTHER
16 ORDERED GRANTING** defendant's motion to dismiss (doc. 5). The Clerk shall enter
17 judgment.

18     DATED this 23rd day of August, 2012.

                                                  _Frederick J. Martone_
                                                  Frederick J. Martone
                                                  United States District Judge